Lee Droegemueller Commissioner of Education Kansas State Board of Education 120 S.E. 10th Avenue Topeka, Kansas 66612-1182
Dear Commissioner Droegemueller:
You request our opinion concerning whether a school district may deposit funds in a national bank with a home office in another state if it has a branch office located within the boundaries of the school district. Specifically, you inquire whether K.S.A. 1994 Supp. 12-1675(b)(2) requires that a school district which invests its idle funds in time deposits, open accounts and certificates of deposit invest only in banks with home offices in this state. Our understanding is that this national bank initially had a home office in this state but relocated its home office to Missouri pursuant to 12 U.S.C. § 30. The bank continues to have a branch office located within the boundaries of the school district. (In Attorney General Opinion No. 94-128, Attorney General Stephan concluded that such a relocation is permissible notwithstanding the prohibition of K.S.A. 9-813.)
The controlling statutes are K.S.A. 9-1401, K.S.A. 1994 Supp.12-1675 and K.S.A. 17-5002.
K.S.A. 9-1401 states, in relevant part, as follows:
 "The governing body of any municipal corporation (which includes a school district) . . . shall designate . . . the state and national banks, state and federally chartered savings and loan associations and federally chartered savings banks with home offices located in the state of Kansas which shall serve as depositories of its funds. . . . The state and national banks, state and federally chartered savings and loan associations and federally chartered savings banks which have offices in the county or counties in which all or part of such municipal corporation . . . is located shall be designated as such official depositories if the municipal . . . corporation can obtain satisfactory security therefore, and such official depositories have a home office located in the state of Kansas. (Emphasis added).
K.S.A. 1994 Supp. 12-1675 states, in relevant part, as follows:
 "(a) The governing body of any . . . school district. . . having the authority to receive, hold and expend public moneys or funds may invest any moneys which are not immediately required for the purposes for which the moneys were collected or received, and the investment of which is not subject to or regulated by any other statute.
"(b) Such moneys shall be invested only:
 "(1) In temporary notes or no-fund warrants issued by such investing governmental units;
 "(2) in time deposit, open accounts or certificates of deposit with maturities of not more than two years: (A) in commercial banks which have offices located in such investing governmental units; or (B) if the office of no commercial bank is located in such investing governmental unit, then in commercial banks which have offices in the county or counties in which all or part of such investing governmental unit is located;
 "(3) In time certificate of deposits with maturities of not more than two years: (A) with state or federally chartered savings and loan associations or federally chartered savings banks which have offices located in such investing governmental units; or (B) if the office of no state or federally chartered savings and loan association or federally chartered savings bank is located in such governmental unit, then with state or federally chartered savings and loan associations or federally chartered savings banks which have offices in the county or counties in which all or part of such investing governmental unit is located;
 "(4) In repurchase agreements with: (A) commercial banks, state or federally chartered savings and loans associations or federally chartered savings banks which have offices located in such investing governmental unit, for direct obligations of, or obligations that are insured as to principal and interest by, the United States government or any agency thereof; or (B)(i) if the office of no commercial bank, state or federally chartered savings and loan association or federally chartered savings bank is located in such investing governmental unit; or (ii) if no commercial bank, state or federally chartered savings and loan association or federally chartered savings bank has an office located in such investing governmental unit is willing to enter into such agreement . . . at an interest rate equal to or greater than the investment rate . . . then such repurchase agreements may be entered into with commercial banks, state or federally chartered savings and loan associations or federally chartered savings banks which have offices in the county or counties in which all or part of such investing governmental unit is located; or (C) if no bank, state or federally chartered savings and loan association or federally chartered savings bank which has its office in such county or counties is willing to enter into such agreement . . . then such repurchase agreements may be entered into with commercial banks, state or federally chartered savings and loan associations or federally chartered savings banks which have offices in the state of Kansas. (Emphasis added).
K.S.A. 17-5002 provides, in relevant part as follows:
 "(b) The governing body of any . . . school district . . . having authority to receive, hold and expend public moneys or funds may invest the same in state or federally chartered savings and loan associations or federally chartered savings banks with home offices in the state of Kansas subject to and as provided by K.S.A. 9-1401 . . ., 12-1675 . . . and amendments to such sections." (Emphasis added).
This office has consistently distinguished between the deposit of public moneys which are considered "active" (i.e. accounts that are drawn upon on a regular basis to meet immediate needs) and "idle" funds which are defined by K.S.A. 1994 Supp. 12-1675 as "those moneys which are not immediately required." Attorney General Opinions No. 83-88, 83-184, 86-15, 89-109. For example, in order for a financial institution to qualify to be a public depository, security in a form prescribed by K.S.A. 1994 Supp.9-1402 must be given to the school district. There is no such requirement for the investment of idle funds, however, idle funds may be invested only in the manner set forth in subsection (b) of K.S.A. 1994 Supp. 12-1675.
K.S.A. 9-1401 is clear that a financial institution that serves as the official depository of "active" funds must have a home office located in the state of Kansas. However, there is no such express requirement for idle funds invested in time deposits, open accounts or certificates of deposit pursuant to subsection (b)(2) of K.S.A. 1994 Supp. 12-1675. These types of investments may be with "commercial banks which have offices located in the investing governmental unit."
Our task is to determine whether a school district may invest in time deposits, open accounts and certificates of deposits in a bank which has a branch office located in the district but whose home office is located outside of the state. It is clear that subsection (b)(2)(A) of K.S.A. 1994 Supp. 12-1675 requires that the bank have an office in the school district but the statute is not clear concerning whether the home office has to be located in Kansas. This ambiguity becomes more apparent when reviewing subsections (b)(3) [certificates of deposit in savings and loan institutions] and (4) [repurchase agreements with savings and loan institutions] of the same statute because K.S.A. 17-5002 requires that school districts that invest in certificates of deposit and repurchase agreements with savings and loan institutions have home offices in the state. Attorney General Opinion No. 87-144. Furthermore, repurchase agreements authorized under subsection (b)(4) of the statute must be with banks that have home offices in this state. [We note that subsection (b)(4) contains several requirements that focus on a governmental unit finding a bank with offices located in the governmental unit and, if that is not possible or the bank is not willing to enter into such agreement, the next step is for the governmental unit to find a bank with offices in the county where the unit is located and, if that fails, then the governmental unit may negotiate with any bank with offices in this state. If a governmental unit were allowed to invest in a repurchase agreement with a bank with a home office in another state, the steps which a governmental unit is required to take before being allowed to enter into an agreement with a Kansas bank outside the boundaries of the governmental unit would have no meaning.]
In light of this ambiguity, we review the banking statutes and the legislative history of K.S.A. 12-1675 to determine whether a bank must have a home office in the state before a school district may invest in the types of investments identified in subsection (b)(2).
Between 1982 and April 17, 1986, K.S.A. 12-1675 required that idle funds be invested in time deposits, open accounts and certificates of deposit located in commercial banks that had a "home office" located in the governmental unit. Prior to 1982, savings and loan associations had not been allowed to accept public moneys in amounts that exceeded $100,000 — the amount insured by the FSLIC. Negotiations between the Kansas bankers association and the savings and loan league resulted in the amendment of K.S.A. 9-1401
and 12-1675 to allow savings and loan associations to receive public moneys without the $100,000 limitation provided the savings and loan association had a home office located within the boundaries of the investing governmental unit. This same "home office" requirement was extended to banks. Consequently, idle funds could be invested in open accounts and certificates of deposit in both banks and savings and loan institutions as long as the home office was located within the boundaries of the governmental unit.
During the 1986 legislative session both the Kansas bankers association and the savings and loan league, in association with the league of Kansas municipalities, requested that the "home office" requirement (i.e. the requirement that the "home office" be located within the boundaries of the investing governmental unit) in subsection (b) of K.S.A. 12-1675 be deleted in order to expand the number of financial institutions from which municipalities could secure competing bids for their idle funds.Minutes, House Commercial and Financial Institutions Committee, February 20, 1986, Attachment 1. Removal of the local "home office" requirement was seen as providing an incentive for Kansas
banks to acquire the assets (which would include deposits of public funds) and liabilities of insolvent banks in one-bank communities and establish detached facilities which, under then present present law, would not be allowed to hold public funds.Minutes, House Committee on Financial Institutions, February 20, 1986, attachment 3.
There was no debate concerning whether a bank was required to have a home office in this state because, in 1986, no state or national bank was permitted to establish a branch office unless it was domiciled in this state. (L. 1986, ch. 57, sec. 8 — codified at K.S.A. 9-1111). Since the legislature is presumed to act with knowledge of other statutes, we can assume that the legislature deleted the "local" home office requirement with full knowledge that K.S.A. 9-1111 would prohibit a bank from operating a branch office unless it was domiciled in Kansas. Consequently, it is our opinion that K.S.A. 1994 Supp. 12-1675(b)(2) requires that a school district desirous of investing in time deposits, open accounts and certificates of deposit do so only with banks with home offices in this state according to the location restrictions in that statute.
Summarizing, it is our opinion that K.S.A. 9-1401 requires that a school district deposit its active funds in financial institutions with home offices in the state of Kansas. Furthermore, K.S.A. 1994 Supp. 12-1675(b)(2) requires that a school district desirous of investing idle funds in time deposits, open accounts and certificates of deposit do so only in banks with home offices in the state of Kansas.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm